# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) <br><br> Facebook profile: 100004306721072 | Case: 1:15-mc-01897 <br> Assigned To : Harvey, G. Michael <br> Assign. Date : 12/18/2015 <br> Description: Misc. |

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Treaty Between the Government of the United States of America and the Government of the Republic of Austria on Mutual Legal Assistance in Criminal Matters, U.S.-Austria, Feb. 23, 1995, S. TREATY DOC. NO. 104-21 (1995), as supplemented by the Protocol to the Treaty Between the Government of the United States of America and the Government of the Republic of Austria on Mutual Legal Assistance in Criminal Matters signed 23 February 1995, U.S.-Austria, July 20, 2005, S. TREATY DOC. NO. 109-13 ("Treaty"), to execute a request from Austria. The proposed Order would require Facebook, Inc., an online service provider located in Menlo Park, California, to disclose subscriber and transactional records pertaining to the Facebook, Inc. profile associated with the user identification number ("UID") 100004306721072, as identified in Part I of Attachment A to this application and the proposed Order, within ten days of receipt of the Order. The records and other information to be disclosed are described in Part II of Attachment A to this application and the proposed Order. In support of this application, the United States asserts:

## LEGAL BACKGROUND

1.    This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711.  *See* 18 U.S.C. § 2703(d) (2012). Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512." 18 U.S.C. § 2711(3)(A)(iii) (2012); *see also* 18 U.S.C. § 3512(a)(2)(B) (2012) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) (2012) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

2.    Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1) (2012).  This application to execute Austria's request has been duly authorized by an appropriate official of the Department of Justice, through the Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application.  The undersigned has reviewed the request and has confirmed that it was submitted by authorities in Austria in connection with a criminal investigation and/or prosecution.

---

[1]  The Attorney General, through statutes and regulations, has delegated to the Office of International Affairs her authority to serve as the "Central Authority" or "Competent Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81A and 81B (2014).

3.     Facebook, Inc. is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Facebook, Inc. to disclose the items described in Part II of Attachment A.  *See* 18 U.S.C. § 2703(c)(2) (2012) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (2012) (Part II.B of Attachment A).

4.     A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d) (2012).  Accordingly, the next section of this application sets forth specific and articulable facts that establish that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## RELEVANT FACTS

5.     Authorities in Austria are investigating an unknown individual for coercion offenses, which occurred between on or about October 28, 2012, and November 6, 2012, in violation of the criminal law of Austria, specifically, Sections 105 and 106 of the Austrian Criminal Code. A copy of the applicable law is appended to this application. The United States, through the Department of Justice, Criminal Division, Office of International Affairs, received a request from Austria to provide the requested records to assist in the criminal investigation. Under the Treaty, the United States is obligated to render assistance in response to the request.

6.     According to authorities in Austria, on October 28, 2012, an unknown perpetrator ("Subject") sent a message to an individual ("Witness") from the Facebook profile associated

with the UID 100004306721072.  The message alleged that another individual ("Victim") had raped Subject's female cousin, and that she was now pregnant.  Witness is Victim's uncle.  The message further stated that if Victim did not marry Subject's female cousin, Subject would shoot Victim.

7.     As a result of the October 28, 2012 message to Witness, Victim contacted Subject at the Facebook profile.  In response, Subject insulted Victim and repeatedly threatened that he would kill Victim unless Victim married Subject's cousin.  Subject did not reveal his identity and Victim was unable to determine the identity of Subject's cousin.

8.     Victim stated during an interview that he was afraid of Subject and could not identify him/her.

## **REQUEST FOR ORDER**

9.     The facts set forth in the previous section establish that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.  Specifically, the records and other information will help authorities in Austria identify the individual or individuals who are responsible for the events described above, and/or determine the nature and scope of the individual's or individuals' activities.

Accordingly, the United States requests that Facebook, Inc. be directed to produce all items described in Part II of Attachment A to this application and the proposed Order within ten days of receipt of the Order.

Respectfully submitted,

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY

By: _____/s/_____
VERONICA JENNINGS
Assistant United States Attorney
D.C. Bar Number 981517
Cyber Unit
555 4th Street, N.W., Room 4233
Washington, D.C. 20530
(202) 252-7250 telephone
(202) 514-6010 facsimile
Veronica.Jennings@usdoj.gov

MARY D. RODRIGUEZ
ACTING DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
D.C. Bar Number 423849

By: _____/s/_____
JESSE T. HORN
Trial Attorney
New York Bar Number 4884524
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C. 20530
(202) 616-2920 telephone
(202) 514-0080 facsimile
Jesse.Horn@usdoj.gov

**Relevant Provision of the Austrian Criminal Code**

**Section 105 – Coercion.**
(1)   He who causes somebody by force or criminal dangerous threat to do, acquiesce in, or refrain from doing any act, shall be punished by a prison sentence of up to one year[;]

(2)   The act shall not be punished, if the use of force or threat as a means to achieve the end pursued is not contra bonos mores[.]

**Section 106 – Grave Coercion.**
(1)   He who commits coercion,
    1.  by threatening death, . . .
    2.  by putting by these means the person subjected to coercion or any other person, against whom violence or dangerous threats were directed, over a longer period of time into an agonizing state, or
    3.  by causing the person subjected to coercion to enter into marriage, to establish a registered partnership, . . . or else to do, acquiesce in, or refrain from doing any act, violating most important interests of the person subjected to coercion or of any third person,
    4.  shall be punished by a prison sentence of six months to five years.

**Section 15 – Attempted Crime.**
(1)   The penalty for deliberate misconduct not only applies to the completed crime, but also to the attempt and to any participation in an attempt,

(2)   The crime is attempted, as soon as the perpetrator confirms his decision to execute it . . .

(3)   An attempt and any participation in an attempt shall not be punished if the execution of the crime was not possible under any circumstances due to a lack of personal skills or conditions required by law on the part of the perpetrator, or due to the kind of action or object involved in the crime.

## ATTACHMENT A

**I.**    **The Account**

The Order applies to certain records and information relating to the Facebook, Inc. profile 100004306721072 and any preservation numbers associated therewith.

**II.**    **Records and Other Information to Be Disclosed**

Facebook, Inc., is required to disclose to the United States the following records and other information relating to the Facebook, Inc. profile identified in Part I of this Attachment ("Account") for the time period from October 21, 2012, to and including November 13, 2012.

    A.    The following information about the customers or subscribers of the Account:

        1.    Names (including subscriber names, user names, and screen names);

        2.    Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        3.    Local and long distance telephone connection records;

        4.    Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        5.    Length of service (including start date) and types of service utilized;

        6.    Telephone or instrument numbers (including media access control ("MAC") addresses);

        7.    Other subscriber numbers or identities (including the registration IP address); and

        8.    Means and source of payment for such service (including any credit card or bank account number) and billing records.

    B.    All records and other information (not including the contents of communications) relating to the Account, including:

        1.    Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination IP addresses; and

        2.    Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication

(such as source and destination e-mail addresses, IP addresses, and telephone numbers).